JOHN B. HOLTON v. HENRY L. ADCOCK, use, &c.

Where testimony introduced to prove that the consideration of a note sued on has failed, or was without consideration, or that the consideration was illegal, is only circumstantial or presumptive testimony, the verdict of the jury will not be disturbed.

IN error from the circuit court of Kemper county; Hon. John Watts, judge.

This was a suit instituted in the circuit court of Kemper county, by H. L. Adcock for the use of Fyson against John B. Holton, upon a promissory note executed on the 12th of March, 1849, for $100. The defence set up to the note was, that it was given by Holton to Adcock for an improvement on public land. The proof in the case was, that Adcock proposed to sell to Holton an improvement on public land for $200, but the proposition was declined, and some time after that, about the date of the note, Adcock left the improvement, and Holton took possession of it, which was on public land.

———— for appellant.

The jury was bound from all the facts and circumstances of the case, to come to the conclusion that the note was given for the improvements or for nothing; and if either, the plaintiff

should lose his case. The court should therefore have granted the motion for a new trial; for if the note was given for an improvement on public land, the same was void and without consideration. *Merrell* v. *Legrand,* 1 How. R. 150; *Brown* v. *Poindexter,* 10 S. & M. 596, shows that such a contract is against public policy and void.

*Hamm* for appellee.

1. This case presents a question of fact peculiarly within the province of a jury; and the facts having been fairly left to the consideration of a jury, their verdict will be permitted to stand, unless it be opposed by a decided preponderance of evidence. *Ellzey* v. *Stone,* 5 S. & M. 21; *Waul* v. *Kirkman,* 13 S. & M. 599; *Cicely* v. *The State of Mississippi,* 13 S. & M. 213; *Dickson* v. *Parker,* 3 How. 219; *Fisher* v. *Leach,* 10 S. & M. 313; *Leflore* v. *Justice,* 1 S. & M. 381; *Nye* v. *Grubbs,* 8 S. & M. 643; *Brown* v. *Forbes,* 8 S. & M. 498; *Peck* v. *Thompson,* 23 Miss. R. 369.

The verdict is not clearly against the evidence, or the palpable preponderance of evidence.

The question is not whether the verdict is clearly right, but whether it is manifestly wrong. *Waul* v. *Kirkman,* 13 S. & M. 599.

2. The defendant relied upon circumstances to prove the consideration of the note; and it was necessary to show circumstances from which the consideration could be probably or reasonably inferred. That about the date of the note Adcock abandoned some public land on which he had made an improvement, and Holton took possession of it, are the only circumstances which tend to give color to the conclusion that the consideration of the note was an improvement on public land. But the probative force of these circumstances in establishing such a conclusion, is wholly countervailed by the fact that the price demanded by Adcock for the improvement was $200, and the note is for only $100.

3. There have been two concurring verdicts in favor of the plaintiff below, the defendant in this court. *Munn* v. *Perkins,* 1 S. & M. 412.

*Freeman* and *Dixon* on the same side.

Mr. Justice FISHER delivered the opinion of the court.

This suit was founded upon a promissory note, given by the plaintiff in error to the defendant in error.

The defendant below introduced a witness to prove that the note was given for an improvement on public land, and was therefore void.

The witness proved that about two months before the note was given, Adcock proposed to sell to Holton a certain improvement on public land; that the proposition was not accepted; that about the date of the note Adcock removed from the public land, when Holton took possession of it. Witness knew of no other transactions between the parties, and was acquainted with the defendant's affairs.

All this may be true, and still the note may not have been given for the improvement on the public land, or the land itself may, in the two months intervening the proposition, which was not accepted, and the trade, have been entered by Adcock. The evidence is only circumstantial; and by no means conclusive. The jury having found against it we do not feel at liberty to disturb their verdict.

Judgment affirmed.